ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDOS<br><br>V.<br><br>JOSUÉ ORTIZ COLÓN<br><br>PETICIONARIO | TA2025CE00862 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Criminal Núm.: C VI1999G0079<br><br>Sobre: A83/Asesinato en Primer Grado Clásico |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de diciembre de 2025.

Comparece ante nos, por derecho propio e *in forma pauperis*, Josué Ortiz Colón (en adelante, "el peticionario"). A los fines de solicitar nuestra intervención para que dejemos sin efecto la *"Orden"* emitida el 21 de octubre de 2025 y notificada al siguiente día, por el Tribunal de Primera Instancia, Sala Superior de Arecibo. Mediante esta, el foro primario adjudicó la *"Moción Solicitando la Corrección de Sentencia Ilegal,"* presentada por el peticionario. En específico, el referido foro respondió lo siguiente: "Nada que proveer. Véase determinación del Tribunal del 31 de marzo de 2017, notificada el 4 de abril de 2017 – sobre una petición similar."

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* presentado.

**I.**

El día 22 de junio del año 2000, el tribunal de instancia dictó *"Sentencia Enmendada ´Nunc Pro Tunc,´"* bajo los casos: CVI199G0079 y CVI199G0080. A través de estas, condenó al peticionario a dos (2) penas carcelarias de noventa y nueve (99) años por cometer el delito de asesinato

en primer grado, según establecido en el Código Penal de 1974, Ley Núm. 115 de 22 de julio de 1974. El tribunal de instancia determinó que estas penas serían cumplidas de manera consecutiva y de forma concurrente con otras penas establecidas en la referida Sentencia.

Así las cosas, el 13 de marzo de 2017, el peticionario presentó *"Moción Solicitando Modificación de Sentencia Impuesta al Amparo de la Regla 185 inciso (c) de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 185, según enmendada, por la Ley Núm. 317 de 15 de septiembre de 2004. Art. 16."* En síntesis, sostuvo que la penal total de ciento noventa y ocho (198) años, que resulta al computar las penas consecutivas impuestas, es inconstitucional por ser contraria al derecho a la rehabilitación. Así pues, a tenor de la Regla 185 (c) de Procedimiento Criminal, 34 LPRA Ap. II, R. 185, solicitó que su pena carcelaria de ciento noventa y ocho (198) años fuera modificada.

Al evaluar la solicitud del peticionario, el 4 de abril de 2017, el foro primario notificó una *"Orden"* en virtud de la cual declaró *No Ha Lugar* el remedio peticionado.

De forma similar, el 25 de agosto de 2025, el peticionario presentó ante el foro primario *"Moción Solicitando la Corrección de Sentencia Ilegal."* En esencia, también al amparo de la Regla 185 de Procedimiento Criminal, *supra*, cuestionó la legalidad de la imposición de las penas consecutivas. En específico, argumentó que las penas consecutivas se deben imponer excepcionalmente dado al total de años que tendría que cumplir en la cárcel, los cuales exceden su expectativa de vida. A tenor de lo anterior, adujo que el número de años impuestos violenta su derecho a la rehabilitación. A su vez, alegó que las sentencias condenatorias carecen de especificidad y justificación. De otra parte, solicitó la eliminación de antecedentes penales de las sentencias condenatorias aducidamente cumplidas. Ante tales planteamientos, peticionó, entre otras cosas, que las penas por el delito de asesinato fueran enmendadas para ser cumplidas de forma concurrente.

En atención de ello, el 22 de octubre de 2025, el foro primario notificó la *"Orden"* que hoy nos ocupa. Mediante esta, concluyó "Nada que proveer. Véase determinación del Tribunal del 31 de marzo de 2017, notificada el 4 de abril de 2017 – sobre una petición similar."

En desacuerdo, el 12 de noviembre de 2025, el peticionario oportunamente presentó un recurso de *certiorari* ante este Tribunal. Mediante este, expuso los siguientes señalamientos de error:

> El Hon. TPI incidió al denegar la moción de corrección de sentencia legal presentada por el peticionario limitándose a declarar nada que proveer con el fundamento de que se había radicado una petición similar en el año 2017. Esa decisión es contraria a derecho por varias razones.

> El foro de Primera Instancia incurrió en error al emitir una Resolución carente de análisis jurídico y sin exponer las razones que sustentan su determinación. Este proceder contraviene el deber ministerial que tienen los Tribunales de motivar adecuadamente sus decisiones exponiendo fundamentos de hecho y de derecho que las apoyan.

**II.**

**A.     Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). A pesar de la amplitud de errores que pueden ser revisados mediante el *certiorari* este auto sigue siendo un recurso discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. *Íd.*, pág. 918.

La Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de *certiorari*. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023). La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Íd.*; *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De

conformidad con lo anterior, la Regla 40, *supra,* dispone los siguientes criterios:

    **A.**    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    **B.**    Si la situación de hechos planteada es la más indicada para el análisis del problema.

    **C.**    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    **D.**    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    **E.**    Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    **F.**    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    **G**.    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**III.**

El peticionario recurre de una resolución interlocutoria mediante la cual el foro primario no le concedió una solicitud de modificación de penas carcelarias consecutivas, la cual instó al amparo de la Regla 185 de Procedimiento Criminal, *supra*. Esta es la segunda ocasión que el peticionario presenta una solicitud similar, puesto que el 13 de marzo del año 2017 solicitó también este remedio de modificación de sentencia al amparo de la precitada Regla. En esa ocasión el foro primario tampoco concedió el remedio peticionado al notificar el 4 de abril de 2017 una *"Orden"* de *No Ha Lugar*. El peticionario no recurrió de la referida *"Orden."*

Tras una evaluación de la totalidad de la documentación presentada por el peticionario y de la búsqueda y examen por esta Curia de la moción y la *"Orden"* del año 2017 - no presentadas por la aludida parte – concluimos *denegar* la expedición del auto de *certiorari* de epígrafe.

Como es sabido, el recurso de *certiorari* es de naturaleza discrecional. Esta discreción se rige de conformidad a los parámetros de la Regla 40, *supra*. Al considerar cada uno de los antes referidos criterios, determinamos que el presente recurso no reúne las condiciones necesarias para inclinar la discreción de este Tribunal a expedir el recurso de epígrafe.

La *"Orden"* recurrida no es contraria a derecho, ni está viciada de prejuicio, parcialidad o error manifiesto. Ante ello, denegamos la expedición del presente auto de *certiorari.*

**IV.**

Por los fundamentos expuestos, *denegamos* al amparo de la Regla 40, *supra* la expedición del recurso de *certiorari* presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones